BOGGS, Circuit Judge,
dissenting.
In this case, the essential issue is the adequacy of the district judge’s explanation for his sentence. As the majority correctly lays out, especially at pages 14, 16-17, and 19-20, our cases repeatedly in *472 dicate that while the judge must give an explanation adequate for us to exercise our responsibility of review, the judge is not required to mechanistically touch on every point raised by a defendant or every factor laid out in the statute. To me, the essence of this dual set of rules is that we are not simply grading the eloquence or thoroughness of the district court’s resolution as one might assess a law-school exam. Rather, we are to judge, in a commonsense manner, whether we can understand the basis for the decision and whether that basis is within the very broad sentencing parameters allowed to a district judge, especially after Booker. In this case, I part from my learned brethren in that I would hold that the district judge did an adequate job here — at least a job adequate enough to withstand appellate review under the proper standard. As I read the record and statements of the district judge, I understand why he did what he did.
The majority opinion chastises the district judge for not having discussed in more detail various aspects of the defendant’s pleadings and arguments. On the other hand, the judge did clearly discuss and understand the defendant’s criminal history, the fact that he had not cooperated as much as his co-defendant and not enough to rise to the level of substantial assistance, and his background and circumstances, especially his drug addiction. In particular, at pages 6-11 of the sentencing transcript, the judge extensively engaged the argument that the defendant’s criminal history was overstated. He gave defense counsel an opportunity to support that argument and then explained why, in his judgment, defendant’s record of violence was fairly represented in the PSR. The marginal nature of the deficiencies for which the district judge is reversed is especially shown by the beginning of the discussion at page 10, point A, where the majority opinion concludes that the judge was unreasonable because he failed to “consider all of the defendant’s arguments,” “consider all of the § 3553(a) factors,” and “adequately express his reasons.” The qualified nature of these holdings shows that my disagreement with them is simply one of line-drawing in a very murky area. My reading of the transcript is that the district judge was conscientiously doing his best to fulfill his duties as required by the statute and the guidelines and with the latitude afforded by the Supreme Court’s decision in Booker.
Could the oral discussion have been longer? Yes. Could it have touched on more points and done so with greater logical structure and rhetorical completeness? Yes. However, does our law — statutory, Supreme Court precedent, and Sixth Circuit precedent — dictate that the district judge must be overturned? To that, I would say no.
From having read many, many transcripts of federal sentencing, especially those since Booker, I might give this particular sentencing a lower grade in a law-school course on criminal sentencing than I might have given some other transcripts I have read. However, does it rise (or descend) to the level of unreasonableness. I do not think so.
In addition, the majority’s emphasis on the attitude of the defendant on page 20 strikes me as misconceived. While the general sentencing scheme seeks to advance many disparate goals, and while I am sure that keeping the defendant “informed” by giving an explanation is one of them, albeit fairly far down the list in my estimation, I know of no case in which that concern has played a significant role in determining whether or not to reverse a sentence.
In addition, the judge carefully and thoroughly (and accurately, in all estimations) determined the advisory sentencing-guideline range, began with that range, and *473 carefully noted that there was a motion for a downward departure or variance. He then indicated that he had considered not only the record from the court, but also public letters that were submitted and then placed in the record. He interacted with the defense’s arguments for a lower sentence and, thus, presumably for a sentence at the low end of the guideline range. Finally, the judge emphasized the violence of the defendant’s past history, despite the defendant’s efforts to minimize it.
In sum, in this relatively ordinary drug-sentencing case, where the defendant’s primary arguments were his comparative lack of culpability relative to a co-conspirator, minimization of the seriousness of the crime, and a plea as to his non-violent nature, I believe what the judge did here was not reversible. I therefore respectfully dissent.